No. 18147

# The University of the State of New York

## The State Education Department
**Before the Commissioner**

Appeal of ADRIANNE RICKSON from action of the Albany-Schoharie-Schenectady-Saratoga Board of Cooperative Educational Services regarding a personnel matter.

Caitlin Hayes, Esq., attorney for petitioner

Bethany A. Centrone, Esq., attorney for respondent

Petitioner appeals the decision of the Albany-Schoharie-Schenectady-Saratoga Board of Cooperative Educational Services ("BOCES" or "respondent") to discontinue her probationary appointment. The appeal must be sustained in part.

In January 2019, petitioner received a probationary appointment as a career and technical education teacher in the tenure area of security operations (*see* 8 NYCRR 30-1.8 [c] [5]). On November 10, 2021, petitioner forwarded an email related to a survey from New York State United Teachers ("NYSUT"). Petitioner sent the email from her BOCES email account and included the following message in the body of the email: "For those that did not receive it and have interest. Rally at NYSUT today at 4." (the "NYSUT email").

On February 7, 2022, the BOCES principal and director of career and technical education issued a counseling memorandum to petitioner. The memorandum stated that the NYSUT email violated BOCES' acceptable use policy and directed petitioner to refrain from such use of her work email.

By letter dated February 9, 2022, the BOCES district superintendent informed petitioner that she intended to recommend that the board of

education discontinue her probationary appointment as of April 21, 2022.[1] Upon petitioner's request, the district superintendent provided a written statement of the reasons for recommending the termination of her probationary employment (see Education Law § 3031). These were:

> (1) Use of controversial materials that had no valid curricular purpose.
> (2) Failure to utilize approved curriculum for instruction.
> (3) Use of BOCES resources to promote misinformation.

The BOCES board of education approved the termination of petitioner's probationary appointment at its March 21, 2022 meeting, effective April 21, 2022. This appeal ensued. Petitioner's request for interim relief was denied.

Petitioner argues, among other claims, that she was wrongfully terminated based on the exercise of her rights under the First Amendment as well as her engagement in "protected union activity." Petitioner seeks reversal of her termination, immediate reinstatement, back pay, and access to her accrued leave time.

Respondent denies petitioner's contentions and argues that it terminated her employment for legitimate, nondiscriminatory reasons.

The services of a probationary teacher may be discontinued at any time during the probationary period unless the teacher shows that a board terminated service for a constitutionally impermissible purpose, in violation of a statutory proscription, or in bad faith (Education Law § 3012 [1] [a]; *Matter of Frasier v Board of Educ. of City School Dist. of City of N.Y.*, 71 NY2d 763 [1988]; *James v Board of Educ. of Cent. School Dist. No. 1 of the Towns of Orangetown & Clarkstown*, 37 NY2d 891 [1975]; *Appeal of Newton*, 56 Ed Dept Rep, Decision No. 17,007; *Appeal of Tahir*, 46 *id.* 16, Decision No. 15,426).

Education Law § 3031 requires, upon a probationary teacher's request, that a superintendent provide written reasons for her or his recommendation that a probationary teacher's services be discontinued. The statute is "a procedural device to force the superintendent to lay bare the reasons for his

---

[1] The record contains a second letter dated February 9, 2022, in which the district superintendent informed petitioner that she was being placed on administrative leave, effective immediately.

2

[or her] recommendation so that [a] probationer [can] ascertain whether any were constitutionally or statutorily impermissible" (*Matter of Merhige v Copiague School Dist.*, 76 AD2d 926, 927 [2d Dept 1980]). The superintendent's reasons must be sufficiently specific so that the teacher can submit "a reasonable and logical reply" thereto (*Matter of Rathbone v Board of Educ. of Hamilton Cent. School Dist.*, 47 AD2d 172, 175 [3d Dept 1975], affd 41 NY2d 825 [1975]; *see also Matter of Farrell v Board of Educ. of Carmel Cent. School Dist. No. 2*, 64 AD2d 703 [2d Dept 1978]).

In an appeal to the Commissioner, a petitioner has the burden of demonstrating a clear legal right to the relief requested and establishing the facts upon which he or she seeks relief (8 NYCRR 275.10; *Appeal of P.C. and K.C.*, 57 Ed Dept Rep, Decision No. 17,337; *Appeal of Aversa*, 48 *id.* 523, Decision No. 15,936; *Appeal of Hansen*, 48 *id.* 354, Decision No. 15,884).

Here, respondent's section 3031 notice was too vague to allow petitioner to "ascertain whether any [of the reasons] were constitutionally or statutorily impermissible" (*Merhige*, 76 AD2d at 927). As indicated above, the district superintendent recommended petitioner's termination based on her: (1) use of "controversial materials"; (2) "[f]ailure to utilize [the] approved curriculum"; and (3) "promot[ing] misinformation." Without providing any dates or specific details, respondent deprived petitioner of her ability to argue that her conduct was protected by the United States or New York Constitutions (*see e.g. Matter of Bein*, 15 Ed Dept Rep 407, Decision No. 9,226 ["[i]t is well settled that a board of education may not dismiss or refuse to grant tenure to an employee in retaliation for the exercise of constitutionally guaranteed freedoms"]), or statute (*Civil Service Employees Association, Inc., Local 1000, AFSCME, AFL-CIO, Onondaga County Probation Unit 7800-04 of Onondaga County Local 834 (CSEA)*, 33 PERB ¶ 4599 [2000] [prohibiting union representative from using email after he engaged in work-related criticism violated the Taylor Act]; *see generally Matter of Rathbone*, 47 AD2d at 175).[2]

I decline to consider the more specific reasons for petitioner's discontinuance that respondent articulates for the first time on appeal. The time to provide petitioner with these reasons was at the local level. Allowing the district superintendent to proceed in this matter would effectively abrogate the protections of Education Law § 3031.

---

[2] It appears that the parties understood the third reason to be related to the NYSUT email. However, that supposition is far from clear because it is not facially evident how the email promoted misinformation.

3

Therefore, the matter must be remanded to respondent for further proceedings (*see Appeal of Dituri and Blake*, 42 Ed Dept Rep 363, Decision No. 14,882; *Appeal of Gold*, 34 *id.* 372; Decision No. 13,347). The procedure for doing so was described by the Appellate Division, Third Department:

> [T]he matter [is] remitted ... with a direction to the superintendent to resubmit [the] statement of reasons for [the] recommendation of dismissal. If these reasons are subsequently demonstrated to be unlawful, or if they are not accepted by the Board of Education, petitioner will then be entitled to her benefits from the date of the unlawful dismissal. If, on the other hand, adequate reasons are given which in the superintendent's view would have justified petitioner's dismissal ... and the board, after petitioner has had the opportunity to respond, chooses to accept the recommendation, petitioner should not receive back pay or benefits ....

(*Matter of Rathbone*, 47 AD2d at 176). Petitioner may appeal any adverse decision to the Commissioner within 30 days of such decision (Education Law § 310 [7]).

In light of this determination, I need not address the parties' remaining contentions.

THE APPEAL IS SUSTAINED TO THE EXTENT INDICATED.

IT IS ORDERED that, within seven days of this decision and order, the district superintendent resubmit her recommendation, containing appropriate specifics of the reasons therefor, to petitioner; and

IT IS FURTHER ORDERED that respondent inform petitioner of the date of the board meeting at which it will reconsider its March 21, 2022 vote to discontinue petitioner's probationary appointment, which shall be no later than 60 days from the date of this decision; and

IT IS FURTHER ORDERED that petitioner shall be allowed to submit a written response to the superintendent's recommendation not later than seven days prior to the date of such board meeting.[3] The BOCES board shall consider any such response submitted by petitioner and shall, at its board

---

[3] Any responses by petitioner will be included in her employment record.

meeting, reconsider the matter and make a new decision. Any adverse decision may be appealed to the Commissioner within 30 days of such decision.



IN WITNESS WHEREOF, I, Betty A. Rosa, Commissioner of Education of the State of New York, for and on behalf of the State Education Department, do hereunto set my hand and affix the seal of the State Education Department, at the City of Albany, this 7th day of July 2022.

Commissioner of Education

5