

No. 18410

# The University of the State of New York

## The State Education Department
**Before the Commissioner**

Appeals of ADRIANNE RICKSON from actions of the Albany-Schoharie-Schenectady-Saratoga Board of Cooperative Educational Services regarding a personnel matter.

Bond, Schoeneck & King, PLLC, attorneys for respondent, Kate I. Reid and Howard M. Miller, Esqs., of counsel

In two separate appeals, petitioner challenges decisions of the Albany-Schoharie-Schenectady-Saratoga Board of Cooperative Educational Services ("BOCES" or "respondent") to (1) not grant petitioner tenure and (2) discontinue her probationary appointment. Because they present similar issues of fact and law, the appeals are consolidated for decision (8 NYCRR 275.18). The appeals must be dismissed.

Petitioner's employment with respondent has been the subject of several prior appeals to the Commissioner.[1] As relevant here, I ordered petitioner's reinstatement to her position in a decision dated November 22, 2022 ("*Rickson II*"). On January 3, 2023, BOCES instituted a proceeding pursuant to Article 78 of the Civil Practice Law & Rules in Albany County Supreme Court challenging this determination and the lawsuit remains pending.

During the pendency of the litigation, petitioner remained on paid administrative leave until September 2023, when BOCES returned her to a classroom assignment. As explained below, BOCES determined that petitioner's probationary term did not run during the pendency of petitioner's administrative leave and, thus, would end on February 29, 2024.

---

[1] *Appeal of Rickson*, 62 Ed Dept Rep, Decision 18,147; *Appeal of Rickson*, 62 *id.*, Decision No. 18,211; *Application of Rickson*, 63 *id.*, Decision No. 18,317, app to reopen denied, 63 *id.*, Decision No. 18,358; and *Appeal of Rickson*, Appeal No. 22,081 (withdrawn March 19, 2024).

On December 22, 2023, the District Superintendent ("DS") informed petitioner that she did not intend to recommend her for tenure but was willing to extend her probationary term for another year (the "Juul agreement").[2] Petitioner inquired as to why the DS did not intend to recommend her for tenure. In a letter dated December 29, 2023, the DS explained that petitioner had not met the standard for a recommendation of tenure, as exemplified by "basic ratings in [her] last observation." The DS also identified five examples of "poor professional judgment, including":

- Creation and application of an unapproved grading policy;
- Unprofessional communication with a parent;
- Failing to comply with a supervisor's directive regarding parent communications; and
- Using personally identifiable information of a student for personal reasons.

On January 12, 2024, BOCES received complaints from a parent and a student concerning petitioner. BOCES thereafter placed petitioner on administrative leave and revoked its offer of a Juul agreement.[3]

On February 12, 2024, BOCES denied tenure to petitioner and terminated her probationary appointment, based on the DS's recommendation. These appeals ensued. Petitioner's request for interim relief was denied on March 26, 2024.

Petitioner argues that she gained tenure by estoppel prior to her separation from employment, thus preventing her termination without a hearing. Petitioner further contends that her discontinuance was unlawful because it violated her constitutional and statutory rights. Petitioner additionally alleges that respondent did not follow provisions of its Collective Bargaining Agreement (CBA) with the Capital Region BOCES Faculty Association in effecting her separation. She seeks reversal of respondent's decision to discontinue her probationary appointment, reinstatement, a determination that she has acquired tenure, and back pay.

Respondent denies petitioner's contentions and argues that it permissibly discontinued her probationary appointment for the reasons outlined in the December 29, 2023 letter.

---

[2] "Juul" agreements are named after the litigant in the case that authorized such extensions. *Matter of Juul v Board of Ed. of Hempstead Sch. Dist. No. 1, Hempstead*, 76 AD2d 837 (2d Dept 1980), *aff'd*, 55 NY2d 648 (1981).

[3] Respondent placed petitioner on paid administrative leave from January 16, 2024 through the end of her employment.

In an appeal to the Commissioner, a petitioner has the burden of demonstrating a clear legal right to the relief requested and establishing the facts upon which he or she seeks relief (8 NYCRR 275.10; *Appeal of P.C. and K.C.*, 57 Ed Dept Rep, Decision No. 17,337; *Appeal of Aversa*, 48 *id.* 523, Decision No. 15,936; *Appeal of Hansen*, 48 *id.* 354, Decision No. 15,884).

Petitioner has failed to prove that she acquired tenure by estoppel. "Tenure may be acquired by estoppel when a school board accepts the continued services of a teacher or administrator, but fails to take the action required by law to either grant or deny tenure prior to the expiration of the ... probationary term" (*Matter of McManus v Board of Educ. of Hempstead Union Free School Dist.*, 87 NY2d 183, 187 [1995]; *see Speichler v Board of Cooperative Educ. Servs., Second Supervisory Dist.*, 90 NY2d 110, 114 [1997]). Petitioner's argument hinges upon whether her probationary term continued during the pendency of the *Rickson II* litigation in spring 2023. While "[p]etitioner had a legal right to return to the classroom ... within a reasonable time"[1] after *Rickson II*, implementation of this decision was complicated by the ensuing article 78 litigation during which petitioner was largely on administrative leave. As such, I find that BOCES did not knowingly accept petitioner's teaching services beyond her probationary period, as required for a finding of tenure by estoppel (*see Matter of Hagen v Board of Educ. of Cohoes City School Dist.*, 59 AD2d 806 [3d Dept 1977] [denying teacher's tenure by estoppel claim even where the "pendency of litigation involving (the teacher) probably contributed to some uncertainty over his status ..."]).

I further find that BOCES reasonably elected not to credit the time petitioner spent on administrative leave toward her probationary term. In *Matter of Hagen*, the Appellate Division reasoned that a teacher claiming tenure by estoppel could not receive credit for time in which he "rendered no actual service" to the district (59 AD2d 806 [3d Dept 1977]).

Turning next to petitioner's discontinuance, the services of a probationary teacher may be discontinued at any time during the probationary period unless the teacher shows that a board terminated service for a constitutionally impermissible purpose, in violation of a statutory proscription, or in bad faith (Education Law § 3012 [1] [a]; *Matter of Frasier v Board of Educ. of City School Dist. of City of N.Y.*, 71 NY2d 763, 765 [1988]; *James v Board of Educ. of Cent. School Dist. No. 1 of the Towns of Orangetown & Clarkstown*, 37 NY2d 891, 892 [1975]; *Appeal of Newton*, 56 Ed Dept Rep, Decision No. 17,007; *Appeal of Tahir*, 46 *id.* 16, Decision No. 15,426). The Commissioner has defined "bad faith" as "'[d]ishonesty of belief,

---

[1] *Application of Rickson*, 63 *id.*, Decision No. 18,347.

purpose, or motive" (*Appeals of Prisinzano*, 62 Ed Dept Rep, Decision No. 18,195, quoting Black's Law Dictionary [11th ed. 2019]).

Petitioner has failed to prove that BOCES discontinued her probationary appointment for an impermissible reason. The statement of reasons requirement exists "so that [a] probationer [can] ascertain whether" a superintendent's reasons are "constitutionally or statutorily impermissible" (*Matter of Merhige v Copiague School Dist.*, 76 AD2d 926, 927 [2d Dept 1980]). Thus, a school district may provide any reason so long as it is honest, consistent with federal and State law, and detailed enough to facilitate "a reasonable and logical reply" thereto (*Matter of Rathbone v Board of Educ. of Hamilton Cent. School Dist.*, 47 AD2d 172, 175 [3d Dept 1975], *aff'd* 41 NY2d 825 [1975]).

The December 29, 2023 letter, to which petitioner submitted a detailed response, met this standard (*see e.g. Appeal of Frankis*, 39 Ed Dept Rep 598, Decision No. 14,323; *Appeals of Federico and Concerned Parents of Tarrytown*, 35 *id.* 269, Decision No. 13,538; *Appeal of Benn-Abby*, 32 *id.* 141, Decision No. 12,785; *Matter of Norman*, 15 *id.* 304, Decision No. 9,186). While petitioner contests the accuracy of the DS's assertions, she has not demonstrated that the DS knew or believed these allegations to be false (*Appeal of Redman*, 49 Ed Dept Rep, Decision No. 15,990). By contrast, respondent has submitted objective evidence, including emails and photographs, to substantiate its concerns. Therefore, petitioner's challenge to her discontinuance is without merit.

Petitioner has also failed to demonstrate that respondent's discontinuance was motivated by continued dissatisfaction with the outcome of *Rickson II*.[5] Petitioner asserts that the allegations against her were inaccurate or exaggerated, a claim rejected above. In an affidavit, the DS expresses her understanding that she was "constrained by the Commissioner's prior order to disregard" the events at issue in *Rickson II* in assessing petitioner's performance. This is corroborated by the fact that BOCES returned petitioner to a classroom assignment in September 2023 and, despite performance concerns, offered to extend her probation. Thus, petitioner has failed to demonstrate that the DS or other administrators were motivated by anything other than the numerous complaints identified in the December 2023 letter (*see Appeal of Dorcely*, 45 Ed Dept Rep 383, Decision No. 15,358; *Appeal of Szymkowiak*, 36 *id.* 204, Decision No. 13,702; *Appeal of Fillie-Faboe*, 34 *id.* 643, Decision No. 13,438).

---

[5] The Commissioner has held that "alleged retaliatory actions [that] conflict with the intent of [a] prior order" may form the basis of a subsequent appeal under Education Law § 310 (*Appeal of Kennelly*, 57 Ed Dept Rep, Decision No. 17,322).

Finally, petitioner's arguments relating to the 2012-2019 CBA are unavailing. Assuming that this agreement remains in effect, the provisions petitioner relies on apply to "disciplinary action" and "dismissal for unsatisfactory service," actions that are not implicated in this appeal.

To the extent they are not addressed herein, petitioner's remaining contentions are without merit.

THE APPEALS ARE DISMISSED.



IN WITNESS WHEREOF, I, Betty A. Rosa, Commissioner of Education of the State of New York, for and on behalf of the State Education Department, do hereunto set my hand and affix the seal of the State Education Department, at the City of Albany, this 20th day of May 2024.

Commissioner of Education