UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
ADRIANNE RICKSON,

Plaintiff,

– against –

ALBANY-SCHOHARIE-SCHENECTADY-
SARATOGA BOARD OF COOPERATIVE
EDUCATIONAL SERVICES, LAUREN GEMMILL, as
District Superintendent of ALBANY-SCHOHARIE-
SCHENECTADY-SARATOGA BOARD OF
COOPERATIVE EDUCATIONAL SERVICES, NAOMI
HOFFMAN, as President of the Board of Education of the
ALBANY-SCHOHARIE-SCHENECTADY-
SARATOGA BOARD OF COOPERATIVE
EDUCATIONAL SERVICES and JOHN DOE #1-#100
representing all board members, administrators,
employees, agents and assigns of ALBANY-
SCHOHARIE-SCHENECTADY-SARATOGA BOARD
OF COOPERATIVE EDUCATIONAL SERVICES who
by act or omission to act participated in the Wrongful
Termination of Plaintiff's employment and associated
wrongful taking of her property rights and denial of her
due process rights,

Civil Action No.

1:25-cv-667-AMN-DJS

Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO DISMISS**

## <u>TABLE OF CONTENTS</u>

**Page**

PRELIMINARY STATEMENT ................................................................................1

THE COMPLAINT ..............................................................................................3

THE APPEALS TO THE COMMISSIONER OF EDUCATION ..................................3

STANDARD OF REVIEW ....................................................................................4

ARGUMENT .....................................................................................................5

    POINT I  THE COMPLAINT FAILS TO STATE A CLAIM FOR VIOLATION
           OF DUE PROCESS ................................................................5

        Procedural Due Process ..............................................................5
        Stigma Plus ...........................................................................7

    POINT II  PLAINTIFF FAILS TO STATE A FIRST AMENDMENT
           RETALIATION CLAIM.........................................................9

           A.    The Complaint fails to allege the specific speech, when it was
                    made and to whom it was made.................................................10
           B.    Joe Rogan Podcast .......................................................11
           C.    Academic freedom does not apply in the K-12 setting.................15
           D.    Plaintiff's appeals to the Commissioner are not protected speech.17

    POINT III  PLAINTIFF'S REQUESTS FOR PUNITIVE DAMAGES AGAINST
            BOCES MUST BE STRICKEN FROM THE COMPLAINT ......................17

    POINT IV  THE INDIVIDUAL DEFENDANTS ARE ENTITLED TO
            QUALIFIED IMMUNITY ........................................................18

CONCLUSION..................................................................................................19

i

<u>**TABLE OF AUTHORITIES**</u>

**Page(s)**

**Cases**

*Adams v. N.Y. State Educ. Dep't*,
    752 F. Supp. 2d 420 (S.D.N.Y. 2010)......................................................................7

*Allah v. Juchenwioz*,
    2004 WL 2389823 (S.D.N.Y. 2004)................................................................18, 19

*Almonte v. City of Long Beach*,
    478 F.3d 100 (2d Cir. 2007).............................................................................19

*Anderson v. N.Y.*,
    2009 WL 1176618 (S.D.N.Y. 2009)...................................................................11

*Arroyo v. Department of Education*,
    2021 WL 4267591 (S.D.N.Y. 2021)..................................................................13

*Ashcroft v. Iqbal*,
    556 U.S. 662, 129 S. Ct. 1937 (2009)............................................................4, 5

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544, 127 S. Ct. 1955 (2007)..............................................................4

*Boring v. Buncombe County Board of Education*,
    136 F.3d 364 (4th Cir. 1998).............................................................................15

*Brown v. Baldwin Union Free School Dist.*,
    603 F. Supp. 2d 509 (E.D.N.Y. 2009) ............................................................18

*Bushong v. Delaware City School District*,
    851 Fed. Appx. 541 (6th Cir. 2021) ................................................................13

*Camhi v. Glen Cove City School District*,
    920 F. Supp. 2d 306 (E.D.N.Y. 2013) ..............................................................5

*Caraccilo v. Village of Seneca Falls*,
    582 F. Supp. 2d 390 (W.D.N.Y. 2008)..............................................................12

*Casler v. W. Ironequoit Sch. Dist.*,
    563 F. Supp. 3d 60 (W.D.N.Y. 2021)................................................................5

*Charles W. v. Maul*,
    214 F.3d 350 (2d Cir. 2000)..............................................................................18

*City of Newport v. Fact Concerts, Inc.,*
    453 U.S. 247 (1981)..........................................................................................17

*Connick v. Meyers,*
    461 U.S. 138, 103 S. Ct. 1684 (1983)..........................................................2

*Coste v. Town of Islip,*
    2024 U.S. Dist. Lexis 1129898 (E.D.N.Y. 2024) ......................................10

*Cotarelo v. Village of Sleepy Hollow Police Dep't,*
    460 F.3d 247 (2d Cir. 2006)..........................................................................9

*Cunningham v. N.Y.S. Dep't of Labor,*
    2009 WL 1608518 (2d Cir. 2009)................................................................11

*Davis v McKinney,*
    518 F.3d 304 (5th Cir. 2008)........................................................................12

*Davis v. N.Y. City Board of Education,*
    2015 U.S. Dist. LEXIS 131719 (E.D.N.Y. 2015).......................................10

*Daytree at Cortland Square v. Walsh,*
    2021 WL 3190384 (E.D.N.Y. 2021)...............................................................9

*Dukes v. Cold Spring Harbor Central School District,*
    2021 U.S. Dist. LEXIS 17359 (E.D.N.Y. 2021).........................................17

*Ehrlich v. Town of Glastonbury,*
    348 F.3d 48 (2d Cir. 2003)...........................................................................19

*Evans-Marshall v. Board of Education of Tripp City,*
    624 F. 3d 332 (6th Cir. 2010) ................................................................15, 16

*Federico v. Board of Education,*
    955 F. Supp. 194 (S.D.N.Y. 1997) ............................................................6, 9

*Felton v. Katonah Lewisboro Sch. Dist.,*
    2009 U.S. Dist. LEXIS 64660 (S.D.N.Y. 2009).........................................14

*Finnegan v. Fountain,*
    915 F.2d 817 (2d Cir. 1990)..........................................................................18

*Foraker v. Chaffinch,*
    501 F.3d 231 (3d Cir. 2007)..........................................................................12

*Garcetti v. Ceballos,*
    547 U.S. 410 (2006).............................................................................*passim*

iii

*Glasgow v. Cnyrta/Centro, Inc.,*
    No. 5:18-CV-721, 2018 U.S. Dist. LEXIS 117166 (N.D.N.Y. July 12, 2018) .......................15

*Gonzales v. District Council 37,*
    843 Fed. Appx. 361 (2d Cir 2021) .............................................................................................6

*Gonzalez v. City of New York,*
    2018 WL 10323053 (S.D.N.Y. 2018) ........................................................................................7

*Harlow v. Fitzgerald,*
    457 U.S. 800 (1982) ................................................................................................................18

*Heffernan v. Straub,*
    612 F. Supp. 2d 313 (S.D.N.Y. 2009) ......................................................................................12

*Hellenic American Neighborhood Action Committee v. City of New York,*
    101 F.3d 877 (2d Cir. 1996) .................................................................................................6, 8

*Hope v. Pelzer,*
    536 U.S. 730 (2002) ................................................................................................................19

*Johnson v. Ponway Unified School District,*
    658 F. 3d 954 (9th Cir. 2011) ..................................................................................................15

*Kempkes v. Marvin,*
    2008 U.S. Dist. LEXIS 103210 (S.D.N.Y. 2008) ....................................................................17

*Lee-Walker v. NYC Department of Education,*
    220 F. Supp.3d 484 (S.D.N.Y. 2016), *aff'd* 712 Fed. Appx. 43 (2d Cir. 2017) .....................16

*Longo v. Suffolk County Police Dep't,*
    429 F. Supp. 2d 553 (E.D.N.Y. 2006) .......................................................................................7

*Looney v. Black,*
    702 F.3d 701 (2d Cir. 2012) ...............................................................................................11, 12

*MacLaren v. Chenango Cty. Police,*
    No. 3:24-CV-922, 2024 U.S. Dist. LEXIS 204477 (N.D.N.Y. Nov. 8, 2024) ........................15

*Mayer v. Monroe County Cmty. Sch. Corp.,*
    474 F. 3d 477 (7th Cir. 2007) .............................................................................................15, 16

*McGuire v. Warren,*
    2009 U.S. Dist. LEXIS 107855, 2009 WL 3963941 (S.D.N.Y. 2009) ...................................14

*Moriates v. City of New York,*
    2016 U.S. Dist. LEXIS 82565 (E.D.N.Y. 2016) .....................................................................10

iv

*Morrison v. Johnson*,
   429 F.3d 48 (2d Cir. 2005)..................................................................................9

*Murray v. Tanea*,
   2024 U.S. Dist. LEXIS 116882 (W.D.N.Y. 2024) ...............................................17

*Nadolecki v. William Floyd School District*,
   *2016* WL 4768823 (E.D.N.Y. 2016)...................................................................13

*Petruso v. Schlaefer*,
   2007 U.S. Dist. LEXIS 11686 (E.D.N.Y. 2007).....................................................6

*Phillips v. City of Dawsonville*,
   499 F.3d 1239 (11th Cir. 2007)...........................................................................13

*Picinich v. New York City Department of Education*,
   2016 WL 11265651 (E.D.N.Y. 2016)...................................................................13

*Pierro v. Hudson City Sch. Dist.*,
   2023 U.S. LEXIS 55973 (N.D.N.Y. 2023)............................................................10

*Polizzi v. Cty. of Schoharie*,
   720 F. Supp. 3d 141 (N.D.N.Y. 2024)..................................................................15

*Ricioppo v. County of Suffolk*,
   2009 WL 577727 (E.D.N.Y. 2009).......................................................................12

*Rivera v. Community School District*,
   2002 WL 1461407 (S.D.N.Y. 2002).......................................................................8

*Ruotolo v. City of New York*,
   514 F.3d 184 (2d Cir. 2008)............................................................................9, 17

*Russo v. City of Bridgeport*,
   479 F.3d 196 (2d Cir. 2007)................................................................................18

*Ryan v. Carroll*,
   67 F. Supp. 2d 356 (S.D.N.Y. 1999)......................................................................6

*Saucier v. Katz*,
   533 U.S. 194 (2001).............................................................................................19

*Savage v. Gee*,
   665 F.3d 732 (6th Cir. 2011)...............................................................................13

*Savino v. City of New York*,
   331 F.3d 63 (2d Cir. 2003)..................................................................................18

v

*Schulz v. Commack Union Free School District,*
    664 F. Supp. 3d 296 (E.D.N.Y. 2023) ............................................................................10, 13

*Segal v. City of New York,*
    459 F.3d 207 (2d Cir. 2006)..........................................................................................7, 8

*Soloviev v. Goldstein,*
    104 F. Supp. 3d 232 (E.D.N.Y. 2015) ................................................................................9

*Sullenberger v. Jobe,*
    2008 WL 698976 (E.D.Pa. 2008) ......................................................................................11

*Tessler v. Paterson,*
    768 F. Supp. 2d 661 (S.D.N.Y. 2011).................................................................................7

*Tiu-Malabanan v. Univ. of Rochester,*
    No. 07-CV-6499, 2008 U.S. Dist. LEXIS 22560 (W.D.N.Y. Mar. 21, 2008).......................10

*Walsh v. Suffolk County Police Department,*
    2008 WL 1991118 (E.D.N.Y. May 5, 2008) ....................................................................8, 9

*Waronker v. Hempstead Union Free Sch. Dist.,*
    788 F. App'x 788 (2d Cir. 2019) ........................................................................................7

*Weintraub v. Bd. of Educ. of the City of N.Y.,*
    593 F.3d 196 (2d Cir. 2010) *cert. denied* 2010 U.S. LEXIS 8218 (2010) ..........................11

*Wesolowski v. Bockelman,*
    506 F. Supp. 2d 118 (N.D.N.Y. 2007)................................................................................12

*White v. New York City,*
    2014 WL 4357466 (S.D.N.Y. 2014)...................................................................................14

*Whiting v. Incorporated Village of Old Brookville,*
    8 F. Supp. 2d 202 (E.D.N.Y. 1998) ....................................................................................7

*Woodlock v. Orange Ulster BOCES,*
    281 Fed. Appx. 66 (2d Cir. 2008).......................................................................................12

*Young v. Goord,*
    2005 WL 562756 (E.D.N.Y. 2005).....................................................................................19

## Statutes

Education Law Section 3020-a ...............................................................................................6

State Civil Procedure Law .....................................................................................................7

**Other Authorities**

First Amendment ................................................................................................ *passim*

CPLR Article 78 ...........................................................................................1, 8

Federal Rules of Civil Procedure Rule 8 .............................................................4

Rule 12(b)(6)........................................................................................................4

## PRELIMINARY STATEMENT

Plaintiff was formerly employed by Albany-Schoharie-Schenectady BOCES ("BOCES") as a probationary teacher. BOCES' efforts to terminate Plaintiff's employment resulted in Plaintiff filing several appeals to the Commissioner of Education, including one in which she claimed, as in this case, that she had acquired tenure by estoppel and that she was wrongfully terminated.

Conspicuously, Plaintiff fails to even acknowledge in her Complaint that by Decision dated May 20, 2024, the Commissioner of Education held that: 1) Plaintiff did not acquire tenure by estoppel; and 2) BOCES had legitimate reasons to terminate Plaintiff's employment. Plaintiff's termination was therefore upheld. *See Appeal of Rickson*, Dec. No. 18, 410 (2024).

Plaintiff could have challenged the Commissioner's decision in a special proceeding under CPLR Article 78. But she chose not to do so. Instead, nearly one year later, Plaintiff brings this proceeding seeking to constitutionalize what is otherwise a straight-forward state law claim regarding the dismissal of a probationary employee.

Plaintiff advances three federal claims. The first two sound in procedural due process. Those claims should be dismissed because it is axiomatic in the Second Circuit that appeals to the Commissioner of Education and the availability of an Article 78 relief proceeding provide adequate post-deprivation remedies.

The third claim asserts that Plaintiff was terminated in retaliation for her expressing her political opinions about COVID-19. But there are no allegations in the Complaint setting forth what those opinions were, when those opinions were expressed, and to whom those opinions were expressed. In accordance with decisions in the Second Circuit, this lack of specificity warrants dismissal of the Complaint.

In Plaintiff's initial appeals to the Commissioner, the main issue regarding her termination was Plaintiff's extra credit classroom assignment about a Joe Rogan Podcast during which misinformation about COVID-19 was espoused. Assuming that the Joe Rogan assignment, though not specifically pled, forms the basis of Plaintiff's First Amendment claim, it would still fail as a matter of law because Plaintiff's classroom assignments were part of Plaintiff's job responsibilities, which brings this case squarely withing the holding of the Supreme Court's decision in *Garcetti v. Ceballos*, 547 U.S. 410 (2006). At bottom, Plaintiff may not now "constitutionalize" her "employee grievance" over the propriety of an assignment Plaintiff gave to her students. *See Connick v. Meyers*, 461 U.S. 138, at 154, 103 S. Ct. 1684 (1983).

Were the rule otherwise, every spirited debate among school faculty in a departmental meeting would take on constitutional significance, thereby requiring the courts to act as arbiters of local decisions regarding substantive curriculum choices. *Garcetti* and its progeny make plain that courts should not be so embroiled as doing so "would be to demand permanent judicial intervention in the conduct of governmental operations to a degree inconsistent with sound principles of federalism and the separation of powers." *Garcetti*, 457 U.S. at 423.

The *Garcetti* rule ought to be enforced with vigor in this case as polarizing times inherently lead to friction among teachers and administrators who, as part of doing the jobs they are paid to do, debate internally over what controversial topics ought to be taught and how to teach them. Those internal disputes have not been imbued with Constitutional protections and should not now serve to unlock the doors to federal courts that have historically refrained from exercising jurisdiction over them.

Plaintiff also appears to claim that her prior appeals to the Commissioner constituted protected speech. That claims fails because those appeals were about her own employment situation and therefore not on a matter of public concern. In any event, the Commissioner of Education's factual findings – that BOCES was not motivated by retaliatory animus – are entitled to preclusive effect.

## THE COMPLAINT

The Complaint's factual allegations are quite sparse. Plaintiff was a probationary teacher at BOCES (Complaint at ¶13) until her termination in March 2024 (*Id*. at ¶12). Plaintiff contends that she obtained tenure by estoppel. *See Id*. at ¶12. The Complaint further avers Plaintiff was improperly terminated without a hearing and without cause (*Id*.).

Plaintiff contends that her termination was in retaliation for her prior appeals to the commissioner (*Id*. at ¶22) and in retaliation for her expressions of beliefs related to COVID-19 (*Id*. at ¶24). The Complaint does not allege the nature of her beliefs, with whom she shared those beliefs, and when she spoke about her beliefs.

## THE APPEALS TO THE COMMISSIONER OF EDUCATION

After BOCES advised Plaintiff of its intention to terminate her employment in February 2022, Plaintiff initiated her first appeal to the Commissioner of Education. By decision dated July 7, 2022, the Commissioner of Education remanded the matter to the BOCES for clarification of the reasons for Plaintiff's termination. *See Appeal of Rickson*, Dec. No, 18, 147 (2022). Once receiving the amended reasons, Plaintiff again challenged her termination. By decision dated November 22, 2022, the Commissioner of Education ruled in Plaintiff's favor. *See Appeal of Rickson*, Dec. No. 18, 211 (2020). The BOCES appealed the Commissioner's decision to Supreme Court, Albany County and then to the Appellate Division, Third Department.

While the BOCES' appeal was pending, BOCES terminated Plaintiff's employment. Plaintiff again appealed to the Commissioner of Education claiming that she had acquired tenure by estoppel and that the decision of BOCES to terminate her was arbitrary and capricious. In May 2024, the Commissioner of Education determined that Plaintiff had not acquired tenure by estoppel and that BOCES had legally permissible reasons to terminate Plaintiff. The Commissioner further held that Plaintiff failed to show that her employment was terminated because of her prior appeals to the Commissioner. *See Appeal of Rickson*, Dec. No. 18, 410 (2024). Plaintiff did not challenge the Commissioner's decision in an Article 78 proceeding, choosing instead to bring this action over a year later. Because the Commissioner of Education upheld Plaintiff's second (January 2024) termination, the Appellate Division, on January 2, 2025, the Appellate Division, Third Department dismissed BOCES' appeal of the November 2022 Commissioner's decision as being moot.

## **STANDARD OF REVIEW**

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544**,** 127 S. Ct. 1955 (2007), as amplified by *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937 (2009), sets forth the standard applicable to a motion to dismiss a complaint under Rule 12(b)(6).

Under the *Twombly* standard, to survive a motion to dismiss, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 127 S. Ct. at 1974. As the U.S. Supreme Court explained, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Id.* at 1964-65. Most pertinent here, one of the primary lynchpins of *Iqbal* is the Supreme Court's view that, while Rule 8 of the Federal Rules of Civil Procedure "marks a notable and generous departure from the hyper-technical,

code-pleading regime of a prior era, ... *it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions*." *Iqbal*, 129 S. Ct. at 1950 (emphasis added).

In considering whether a complaint states a claim upon which relief can be granted, the court "begin[s] by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth," and then determines whether the remaining well-pled factual allegations, accepted as true, "plausibly give rise to an entitlement to relief." *Id*. The determination as to whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief'" as is required. *Id*. *quoting* Fed. R. Civ. P. 8(a)(2).

In ruling on this motion to dismiss, the Court may take judicial notice of the decisions of the Commissioner of Education involving Plaintiff, as well as the decisions issued by Supreme Court, Albany County and the Appellate Division, Third Department. *See Casler v. W. Ironequoit Sch. Dist.*, 563 F. Supp. 3d 60, 66 (W.D.N.Y. 2021).

## ARGUMENT

### POINT I

### THE COMPLAINT FAILS TO STATE A CLAIM FOR VIOLATION OF DUE PROCESS

The first and second claims for relief allege that the termination of Plaintiff's employment violated constitutional due process. These claims fail as a matter of law.

### Procedural Due Process

Plaintiff challenged her termination in an appeal to the Commissioner of Education. The Commissioner ruled against her and upheld her termination. The appeal to the Commissioner of Education satisfied due process. *See Camhi v. Glen Cove City School District*, 920 F. Supp. 2d

5

306, 312 (E.D.N.Y. 2013) (dismissing claim alleging termination in alleged violation of Section 3020-a of the Education Law violated due process: "…Plaintiff could have brought her grievances to the New York State Commissioner of Education, which would have afforded 'a full and fair opportunity for administrative review of her assertion of tenure rights.'") *quoting Quattrone v. Erie 2 Chautauqua-Cattaraugus Bd. of Coop. Educ. Services*, 2011 U.S. Dist. LEXIS 118250, at *37 (W.D.N.Y. 2011).

Additionally, Plaintiff could have challenged the Commissioner's decision in an Article 78 proceeding. *See Federico v. Board of Education*, 955 F. Supp. 194, 2002 (S.D.N.Y. 1997) (having lost at the Commissioner, plaintiff's "proper course of action at that point was to institute an Article 78 proceeding, used to review administrative decisions including those of the Commissioner of Education.").

The availability of this remedy is likewise fatal to her claim. *See, e.g.*, *Hellenic American Neighborhood Action Committee v. City of New York*, 101 F.3d 877, 880, 882 (2d Cir. 1996), *cert. denied*, 521 U.S. 1140 (1997) (§ 1983 claim barred because Article 78 provides a "perfectly adequate post deprivation remedy"; "Even if HANAC has a protectable property and liberty interest ... HANAC, because of the availability of an Article 78 proceeding, was not deprived of such property or liberty without due process of law."); *accord Gonzales v. District Council 37*, 843 Fed. Appx. 361 (2d Cir 2021) (affirming 12(b)(6) dismissal of procedural due process claim given availability of Article 78 proceeding); *see also Petruso v. Schlaefer*, 2007 U.S. Dist. LEXIS 11686, *14 (E.D.N.Y. 2007) ("the availability of the Article 78 proceeding provided plaintiffs with all of the procedural due process rights to which they were due"); *Ryan v. Carroll*, 67 F. Supp. 2d 356, 361 (S.D.N.Y. 1999) ("The availability of an adequate post-deprivation procedure for reviewing the propriety of [an adverse employment action] means that there has

been no constitutional violation."); *Whiting v. Incorporated Village of Old Brookville*, 8 F. Supp. 2d 202, 211 (E.D.N.Y. 1998) ("the *mere availability* of this post-deprivation remedy … [is] adequate to satisfy the demands of due process" (emphasis in original)); *Longo v. Suffolk County Police Dep't*, 429 F. Supp. 2d 553, 560 (E.D.N.Y. 2006) (same); S *Adams v. N.Y. State Educ. Dep't*, 752 F. Supp. 2d 420 (S.D.N.Y. 2010)("Here, the Court is persuaded that Plaintiffs could not make out a sufficient claim of denial of due process, for either pre- or post-deprivation loss of property, in view of their having received all the process that was due through the availability of adequate remedies provided under Article 78 of the New York State Civil Procedure Law and Rules, both to challenge as unreasonable the pre-deprivation delays they experienced, or to attack their resignations as coerced."); *Tessler v. Paterson,* 768 F. Supp. 2d 661, 671 *(*S.D.N.Y. 2011*)*(dismissing plaintiff's procedural due process claim where Article 78 proceeding was available to contest termination of employment and noting that "[p]laintiff must avail himself of these procedures before alleging a violation of procedural due process before [a federal] Court."); *Gonzalez v. City of New York*, 2018 WL 10323053 (S.D.N.Y. 2018) (collecting cases).

### Stigma Plus

Paragraphs 26-28 of the Complaint allege that Plaintiff's termination has injured her reputation.  To the extent that Plaintiff is attempting to plead a "stigma-plus" claim, such claim would fail as a matter of law.  As a threshold matter, the Complaint does not allege that BOCES publicized any statements about Plaintiff.  *See Waronker v. Hempstead Union Free Sch. Dist.*, 788 F. App'x 788, 794 (2d Cir. 2019) (summary order) (holding plaintiff failed to state a stigma-plus claim because the complaint was "devoid of any specific statements made about [plaintiff], much less ones capable of supporting a stigma-plus claim").

Additionally, the Second Circuit has recognized that "not every wrong committed at the hands of the government is cognizable as a constitutional violation." *Segal v. City of New York*,

7

459 F.3d 207 (2d Cir. 2006).  When it comes to alleged "stigma-plus" claims, a plaintiff must

also show that he/she had no adequate post-deprivation remedy.  As stated by the Second Circuit:

> Because stigma plus is a species within the phylum of procedural due process claims, however, it is not enough that the plaintiff has demonstrated the deprivation of her liberty interest; in order to bring a successful stigma-plus claim, the plaintiff must also demonstrate that her liberty interest was deprived without due process of law.    Stated differently, <u>the availability of adequate process defeats a stigma-plus claim.</u>

*Id*. at 213 (emphasis added); s*ee also HANAC v. City of New York*, 101 F.3d 877, 882 (2d Cir.

1996) ("Even if HANAC has a protectable property and liberty interest -- on which we express

no opinion -- HANAC, because of the availability of an Article 78 proceeding, was not deprived

of such property or liberty without due process of law.").

Here, the thrust of Plaintiff's claim is that her reputation has been damaged.  (Complaint

at ¶26).  This allegation does not state a viable "stigma-plus" claim, however, because Plaintiff

could have requested a name clearing hearing through a CPLR Article 78 proceeding.  *See*, *e.g.*,

*Rivera v. Community School District*, 2002 WL 1461407, *7 (S.D.N.Y. 2002) (collecting cases)

(granting (12)(b)(6) motion dismissing "stigma-plus" claims and finding that plaintiff did not

suffer a deprivation of her due process rights, despite the fact that the alleged defamatory

conduct implicated plaintiff's liberty interests, because she could have requested a name-clearing

hearing through an Article 78 proceeding).

In *Walsh v. Suffolk County Police Department*, 2008 WL 1991118, **13-15 (E.D.N.Y.

May 5, 2008), Judge Bianco held that a plaintiff failed to state a due process claim arising out of

the publication of stigmatizing statements about him because:

> New York provides for [a] name-clearing hearing pursuant to CPLR Article 78, which allows a dismissed municipal employee an avenue for challenging his termination as arbitrary and capricious and contrary to law.  It is well settled that the availability of an Article 78 proceeding bars a municipal employee

> from maintaining a Section 1983 procedural due process claim. The availability of an adequate post-deprivation procedure for reviewing the propriety of the dismissal means that there has been no constitutional violation… Article 78 proceedings have been held to be adequate post-deprivation procedures and they frequently function as name-clearing hearings.

*Id.* (internal citations and quotations omitted).

As in *Walsh*, even assuming the District published statements that stigmatized the Plaintiff, his "due process claim is not cognizable … because of an adequate remedy in the form of an Article 78 proceeding for any such deprivation." *Id.* at *14. *See also Federico v. Public Schools of the Tarrytowns*, 955 F.Supp. 194 (S.D.N.Y. 1997) (stigmatizing statements by school board members about teacher did not give rise to due process claim because of availability of Article 78 proceeding). *See also Daytree at Cortland Square v. Walsh*, 2021 WL 3190384, at *4 (E.D.N.Y. 2021) (availability of Article 78 proceeding warrants dismissal of stigma-plus claim); *Soloviev v. Goldstein*, 104 F. Supp. 3d 232 (E.D.N.Y. 2015) (same).

## POINT II

## PLAINTIFF FAILS TO STATE A FIRST AMENDMENT RETALIATION CLAIM

To state a First Amendment retaliation claim, a plaintiff must show:

> (1) the speech at issue was made as a citizen on matters of public concern rather than as an employee on matters of personal interest, (2) he or she suffered an adverse employment action, ... and (3) the speech was at least a substantial or motivating factor in the [adverse employment action].

*Morrison v. Johnson*, 429 F.3d 48, 51 (2d Cir. 2005); *accord Cotarelo v. Village of Sleepy Hollow Police Dep't*, 460 F.3d 247, 252 (2d Cir. 2006); *Ruotolo v. City of New York*, 514 F.3d 184, 188-89 (2d Cir. 2008).

**A. The Complaint fails to allege the specific speech, when it was made and to whom it was made.**

The Complaint alleges that Plaintiff was retaliated against for her views of COVID-19. But the Complaint fails to allege the specific "speech" in which she engaged thereby precluding the Court from determining whether Plaintiff's speech was a matter of public concern. *Pierro v. Hudson City Sch. Dist.*, 2023 U.S. LEXIS 55973, at * 23 (N.D.N.Y. 2023) (dismissing First Amendment claim because plaintiff "fails to include specific allegations of what she reported and this precludes the court from evaluating whether she was speaking on a matter of public concern or a personal issue related to her own situation."); *Moriates v. City of New York*, 2016 U.S. Dist. LEXIS 82565, at *15 (E.D.N.Y. 2016) (same).

The Complaint further fails to allege who at BOCES was aware of the speech and the date upon which the speech was made. The omission of such critical factual allegations makes the Complaint fatally defective. *See Schulz v. Commack Union Free School District*, 664 F. Supp. 3d 296, at 307 (E.D.N.Y. 2023) (dismissing First Amendment claim where plaintiff failed to plead that decisionmakers were aware of his speech.)

The Complaint also fatally fails to allege when the alleged speech was made. *See Tiu-Malabanan v. Univ. of Rochester*, No. 07-CV-6499, 2008 U.S. Dist. LEXIS 22560, at *15-17 (W.D.N.Y. Mar. 21, 2008) (granting motion to dismiss retaliation claim on causation grounds where plaintiff failed to allege date she lodged her grievance, thus prohibiting the court from determining whether it was in close proximity to the allegedly retaliatory conduct); *Coste v. Town of Islip*, 2024 U.S. Dist. Lexis 1129898, at **31-32 (E.D.N.Y. 2024) (same).

Because the Complaint is void of any specific factual allegations making her First Amendment claim plausible, it must be dismissed. *See Davis v. N.Y. City Board of Education*, 2015 U.S. Dist. LEXIS 131719, at *18 (E.D.N.Y. 2015) (dismissing claim: "Davis does not

10

allege any speech on a matter of public concern.  She does not describe any specific statements, nor specify to whom any statements were made or under what circumstances."), *adopted by* 2015 U.S. Dist. LEXIS 131466 (E.D.N.Y. 2915).

### B.  Joe Rogan Podcast

Assuming, *arguendo*, that the protected speech in question, though not alleged in the Complaint, is Plaintiff's extra credit assignment in or about January 2022 regarding Joe Rogan's podcast during which his guest spread false information about COVID-19, Plaintiff's First Amendment claim still fails as a matter of law.  Because classroom assignments are inherently part of the job responsibilities of a classroom teacher, they are not protected "speech" under the First Amendment.  "[W]hen public employees make statements pursuant to their official duties, the employees are not speaking as citizens for First Amendment purposes."  *Cunningham v. N.Y.S. Dep't of Labor*, 2009 WL 1608518, *4 (2d Cir. 2009) *quoting Garcetti v. Ceballos*, 547 U.S. 410, 421 (2006); *accord Looney v. Black*, 702 F.3d 701, 710-711 (2d Cir. 2012) ("Public employees speaking 'pursuant to their official duties,' however, are not afforded protections under the First Amendment.  This is the case even when the subject of an employee's speech is a matter of public concern."); *Weintraub v. Bd. of Educ. of the City of N.Y.*, 593 F.3d 196 (2d Cir. 2010) ("*Garcetti* … held that the First Amendment does not protect speech made pursuant to a public employee's official duties.") *cert. denied* 2010 U.S. LEXIS 8218 (2010); *see also Anderson v. N.Y.*, 2009 WL 1176618, *14 (S.D.N.Y. 2009) ("*Garcetti* and its progeny dictate that speech made by a public employee pursuant to her professional duties does not fall under the purview of the First Amendment because it is not spoken as a private citizen."); *Sullenberger v. Jobe*, 2008 WL 698976 (E.D.Pa. 2008) (internal complaint about curriculum by police officer who served as instructor at Bureau of Training and Education not protected speech).

In *Garcetti*, the U.S. Supreme Court determined that the "controlling factor" in determining whether the individual was speaking as an employee or a citizen was whether the

employee's "expressions were made pursuant to his duties" of employment.  547 U.S. at 421.

*See also Ricioppo v. County of Suffolk*, 2009 WL  577727 (E.D.N.Y. 2009) ("Even if the speech

is of great social importance, it is not protected by the First Amendment so long as it was made

pursuant to the [public] worker's official duties").

"Although there is no simple checklist or formula to follow to determine whether an

employee was speaking as a private citizen or as a public employee, in general 'the cases

distinguish between speech that is the kind of activity engaged in by citizens who do not work

for the government and activities undertaken in the course of performing one's job.'" *Caraccilo*

*v. Village of Seneca Falls*, 582 F. Supp. 2d 390, 405 (W.D.N.Y. 2008) *quoting Davis v*

*McKinney*, 518 F.3d 304, 312-13 (5th Cir. 2008); *see Looney v. Black*, 702 F.3d 701, 710-711 (2d

Cir. 2012) (affirming dismissal of First Amendment retaliation claim because plaintiff teacher's

complaint about a student throwing blocks at him in class was not protected speech protected by

the First Amendment since maintaining classroom discipline was part of his core job duties);

*Woodlock v. Orange Ulster BOCES*, 281 Fed. Appx. 66 (2d Cir. 2008) (teachers complaining to

supervisor about students not protected by First Amendment as they were part of her official

duties); *Heffernan v. Straub*, 612 F. Supp. 2d 313 (S.D.N.Y. 2009) ("It seems incredible to

suggest that plaintiff was not speaking as a fire lieutenant when he spoke about an issue of which

he believed the department 'needed to be aware' because the safety of other fire fighters and the

general public was at risk."); *Wesolowski v. Bockelman*, 506 F. Supp. 2d 118, 121 (N.D.N.Y.

2007) ("[plaintiff] was acting at the direction of his superior when he reported the inmate

complaint to the other officers .... Accordingly, the action he declares to be protected, reporting

the inmate complaint, was clearly within his job responsibilities and 'pursuant to his official

duties,' as required for the *Garcetti* rule to apply"); *Foraker v. Chaffinch*, 501 F.3d 231, 243 (3d

Cir. 2007) ("Because we agree with the District Court that [plaintiff state troopers] were acting

pursuant to their job duties when they made their complaints up the chain of command … we

need not examine whether their speech passes the remainder of the test."); *Phillips v. City of Dawsonville*, 499 F.3d 1239, 1242-43 (11th Cir. 2007) (city clerk/treasurer's disclosures about the mayor's misuse of city resources were made pursuant to her official duties and not protected).

Speech by teachers pertaining to school curriculum is not protected.  *See Schulz v. Commack Union Free School District*, 664 F. Supp. 3d 296, at 306 (E.D.N.Y. 2023) (comments about inclusion of controversial novel in curriculum not protected speech because they were made as part of plaintiff's official duties); *Nadolecki v. William Floyd School District, 2016* WL 4768823 (E.D.N.Y. 2016) (complaints about reading programs and math curriculum were part of teacher's job duties); *adopted* 2016 WL 4766268 (E.D.N.Y. 2016); *Picinich v. New York City Department of Education*, 2016 WL 11265651, at *7 (E.D.N.Y. 2016) (teacher's statement about educational needs of students not protected);  *Arroyo v. Department of Education*, 2021 WL 4267591, at *6 (S.D.N.Y. 2021) (dismissing First Amendment retaliation claim where teacher's complaints followed the internal chain of command); *Savage v. Gee*, 665 F.3d 732 (6th Cir. 2011) (reference librarian's recommendation of book not protected speech as it was part of his job responsibilities); *Bushong v. Delaware City School District*, 851 Fed. Appx. 541 (6th Cir. 2021) (dismissing teacher's First Amendment claim where "speech" was directed at supervisors).

In yet another case dismissing a First Amendment claim regarding curriculum, Judge Robinson held:

> More important, the substance of their statements related to their own job responsibilities:  school supplies for their kindergarten class, the physical state of the classroom in which they taught, the appropriateness of the curriculum, the inadequacy of their student profiles, and the safety implications (both as to them and as to their students) of those inadequate student profiles.  The case law and the Amended Complaint itself recognize that these responsibilities—ensuring that a classroom is well supplied, safe, and conducive to learning and that the curriculum is substantively appropriate—are quintessentially those of a teacher and a teacher's

> aide. *See, e.g.*, FAC P 41 ("As teacher and teacher's aide in this kindergarten autism class, Plaintiffs dedicated themselves to providing an appropriate setting and an appropriate education for the students in the kindergarten autism program as required by federal and state law.").
>
> ***
>
> The Amended Complaint repeatedly explains that the Plaintiffs broached these topics with their supervisors—the Assistant Superintendent, the Principal, and the Directors of Special Education—because, in their view, they had not been given the resources "to fulfill their responsibilities under the law to provide an appropriate setting and/or an appropriate education to students in the kindergarten autism program."

*Felton v. Katonah Lewisboro Sch. Dist.*, 2009 U.S. Dist. LEXIS 64660, *13-14 (S.D.N.Y. 2009).

*See also McGuire v. Warren*, 2009 U.S. Dist. LEXIS 107855, 2009 WL 3963941, at *2, *5-7 (S.D.N.Y. 2009) (holding a director of special education services spoke pursuant to her official duties when she expressed concern that a program for autistic children did not comply with state guidelines); *White v. New York City*, 2014 WL 4357466, at *10 (S.D.N.Y. 2014) (teacher's advocacy for her students was part of her job responsibilities and therefore not protected).

To the extent that the Court construes Plaintiff's first amendment claim as pertaining to the Joe Rogan podcast that she prescribed in January 2022, as discussed at length in the decisions of the Commissioner of Education, it cannot be seriously disputed that this "speech" owes its existence to and is part and parcel of her job at BOCES. As held by the Supreme Court: "Restricting speech that owes its existence to a public employee's professional responsibilities does not infringe any liberties the employee might have enjoyed as a private citizen. It simply reflects the exercise of employer control over what the employer itself has commissioned or created." *Garcetti*, 547 U.S. at 421-422. In this regard, while Plaintiff seeks to cloak her extra credit assignment with a Constitutional imperative, the dispute over it is really nothing more than a workplace disagreement. Even before *Garcetti*, "[s]ince plaintiff's dispute with the principal,

14

superintendent of schools and the school board is nothing before than an ordinary employment dispute, it does not constitute protected speech and has no First Amendment protection." *Boring v. Buncombe County Board of Education*, 136 F.3d 364, 369 (4th Cir. 1998).

Furthermore, even to the extent that Plaintiff's claims are generously construed as applying to the Joe Rogan podcast, any first amendment claim arising out of the BOCES' response to that assignment are now timebarred, as it is undisputed that the BOCES attempted to terminate Plaintiff's employment in March 2025, more than three years before she brought this instant federal lawsuit. *MacLaren v. Chenango Cty. Police*, No. 3:24-CV-922, 2024 U.S. Dist. LEXIS 204477 (N.D.N.Y. Nov. 8, 2024) ("Claims brought under section 1983 generally must be filed within three years of the date a claim accrues"); *Polizzi v. Cty. of Schoharie*, 720 F. Supp. 3d 141 (N.D.N.Y. 2024) ("Claims under section 1983 are governed by the statute of limitations and tolling rules provided by analogous state law. In New York, the limitations period is three years"); *Glasgow v. Cnyrta/Centro, Inc.*, No. 5:18-CV-721, 2018 U.S. Dist. LEXIS 117166 (N.D.N.Y. July 12, 2018) ("The court first notes that the statute of limitations for section 1983 actions in New York State is three years from the accrual of a cause of action").

### C. Academic freedom does not apply in the K-12 setting.

We anticipate that Plaintiff will attempt to seek protection of her assignment by wrapping it in the garb of "academic freedom." However, Courts have rejected such claims in the context of public K-12 schools, even where the speech was part of class instruction. *See Evans-Marshall v. Board of Education of Tripp City*, 624 F. 3d 332 (6th Cir. 2010), *Mayer v. Monroe County Cmty. Sch. Corp.*, 474 F. 3d 477 (7th Cir. 2007); *Johnson v. Ponway Unified School District*, 658 F. 3d 954, 962-963 (9th Cir. 2011). Indeed, Courts have made clear that they will not involve themselves in internal disputes over curriculum choices. As held by the Sixth Circuit:

21753466.v5-7/16/25

> How at any rate would a contrary approach work? If one teacher, Evans–Marshall, has a First Amendment right "to select books and methods of instruction for use in the classroom," R.1 ¶ 32, so presumably do other teachers. Evans–Marshall may wish to teach *Siddhartha* in the first unit of the school year in a certain way, but the chair of the English department may wish to use the limited time in a school year to teach *A Tale of Two Cities* at that stage of the year. Maybe the head of the upper school has something else in mind. When educators disagree over what should be assigned, as is surely bound to happen if each of them has a First Amendment right to influence the curriculum, whose free-speech rights win? Why indeed doesn't the principal, Wray, have a right to defend the discharge on the ground that he was merely exercising *his* First Amendment rights in rejecting Evans–Marshall's curricular choices and methods of teaching? Placing the First Amendment's stamp of approval on these kinds of debates not only would "demand permanent judicial intervention in the conduct of governmental operations," *Garcetti,* 547 U.S. at 423, 126 S.Ct. 1951, but it also would transform run-of-the-mine curricular disputes into constitutional stalemates.

*Evans-Marshall*, 624 F. 3d at 341 (*emphasis added*).  *See also Lee-Walker v. NYC Department of Education*, 220 F. Supp.3d 484 (S.D.N.Y. 2016) (teacher's disagreement with principal and vice principal over lesson plan was not entitled to First Amendment protection), *aff'd* 712 Fed. Appx. 43 (2d Cir. 2017).

Consequently, Plaintiff's political views that are wrapped up in her classroom assignment are not protected speech under *Garcetti*.  As held by the Seventh Circuit in *Mayer v. Monroe County Community School Corporation*, 474 F.3d 477 (7th Cir. 2007):

> This is so in part because the school system does not "regulate" teachers' speech as much as it *hires* that speech. Expression is a teacher's stock in trade, the commodity she sells to her employer in exchange for a salary. A teacher hired to lead a social-studies class can't use it as a platform for a revisionist perspective that Benedict Arnold wasn't really a traitor, when the approved program calls him one; a high-school teacher hired to explicate *Moby–Dick* in a literature class can't use *Cry, The Beloved Country* instead, even if Paton's book better suits the instructor's style and point of view; a math teacher can't decide that calculus is more important than

16

trigonometry and decide to let Hipparchus and Ptolemy slide in favor of Newton and Leibniz.

Beyond the fact that teachers hire out their own speech and must provide the service for which employers are willing to pay—which makes this an easier case for the employer than *Garcetti,* where speech was not what the employee was being paid to create—is the fact that the pupils are a captive audience. Education is compulsory, and children must attend public schools unless their parents are willing to incur the cost of private education or the considerable time commitment of home schooling. Children who attend school because they must ought not be subject to teachers' idiosyncratic perspectives.

**D.  Plaintiff's appeals to the Commissioner are not protected speech.**

Plaintiff claims that she was retaliated against for her prior appeals to the Commissioner of Education.  Private litigation is not, however, speech on a matter of public concern.  *See Ruotolo v. City of New York*, 514 F.3d 184, 189 (2d Cir. 2008); *Kempkes v. Marvin*, 2008 U.S. Dist. LEXIS 103210 (S.D.N.Y. 2008); *Murray v. Tanea*, 2024 U.S. Dist. LEXIS 116882 (W.D.N.Y. 2024).

Additionally, the Commissioner of Education specifically held that BOCES' termination of Plaintiff was not retaliatory.  *See* Dec. No. 18,410.  This finding is entitled to preclusive effect. *See Dukes v. Cold Spring Harbor Central School District*, 2021 U.S. Dist. LEXIS 17359, at *14 (E.D.N.Y. 2021) (giving collateral estoppel effect to findings of Commissioner of Education).

## POINT III

**PLAINTIFF'S REQUESTS FOR PUNITIVE DAMAGES AGAINST BOCES MUST BE STRICKEN FROM THE COMPLAINT**

Even if the Court determines that any one of Plaintiff's claims should survive this motion, her requests for punitive damages must be stricken.  Indeed, municipalities are immune from punitive damages except where expressly authorized by statute.  *See City of Newport v.*

*Fact Concerts, Inc.*, 453 U.S. 247, 259-263 (1981).  In that regard, "§1983 do[es] not provide for punitive damages against municipalities." *Brown v. Baldwin Union Free School Dist.*, 603 F. Supp. 2d 509, 518 (E.D.N.Y. 2009).

## POINT IV

## THE INDIVIDUAL DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY

The strong policy considerations that underlie immunity defenses mandate that they be adjudicated at the beginning stages of the litigation.  *See Savino v. City of New York*, 331 F.3d 63, 71 (2d Cir. 2003) ("Because qualified immunity is an immunity from suit — not merely an immunity from judgment — assertions of qualified immunity should be addressed as early as possible in the judicial process.").  Consequently, qualified immunity defenses are properly brought on a 12(b)(6) motion.  *See*, *e.g., Charles W. v. Maul*, 214 F.3d 350 (2d Cir. 2000) (reversing district court's denial of motion to dismiss on qualified immunity grounds: "At the motion to dismiss stage of a civil damages action, a defendant is entitled to qualified immunity if the allegations of the complaint fail to state a claim that his conduct violated 'clearly established statutory or constitutional rights of which a reasonable person would have known.'") *quoting Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *Allah v. Juchenwioz*, 2004 WL 2389823 (S.D.N.Y. 2004) (grating 12(c) motion on the issue of qualified immunity).

The Individual Defendants are entitled to qualified immunity because their alleged conduct in terminating the plaintiff "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

In order to show an entitlement to qualified immunity, a defendant "must satisfy one of two tests: either that [his/her] conduct did not violate 'clearly established rights' of which a reasonable person would have known, or that it was 'objectively reasonable' to believe that [his/her] acts did not violate the[] clearly established rights." *Finnegan v. Fountain*, 915 F.2d 817, 823 (2d Cir. 1990); *accord Russo v. City of Bridgeport*, 479 F.3d 196, 211 (2d Cir. 2007).

18

"Stated differently, an official is entitled to qualified immunity (1) if the plaintiff has not alleged a violation of a constitutional right, (2) if that right was not clearly established at the time of the conduct, or (3) if the official's actions were not objectively unreasonable in light of clearly established law." *Almonte v. City of Long Beach*, 478 F.3d 100 (2d Cir. 2007).

The United States Supreme Court has ruled that the "requisites of a qualified immunity defense must be considered in proper sequence," and that the threshold question in that sequence is whether "the officer's conduct violated a constitutional right[.]  This must be the initial inquiry." *Saucier v. Katz*, 533 U.S. 194, 200-201 (2001).  If a violation is established, "the next, sequential step is to ask whether the right was clearly established." *Id*.  This two step approach is mandatory. *Ehrlich v. Town of Glastonbury*, 348 F.3d 48, 54-55 (2d Cir. 2003).

The Supreme Court has held that for a constitutional right to be clearly established, the contours of that right:

> … must be sufficiently clear that a reasonable official would understand that what he is doing violates that right.  This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful; but it is to say that in the light of pre-existing law the unlawfulness must be apparent.

*Hope v. Pelzer*, 536 U.S. 730, 739 (2002) *citing Mitchell v. Forsyth*, 472 U.S. 511, 535 n. 12 (1985).

No clearly established rights have been violated in this case.

In short, because the defendants acted in accord with the pronouncements of applicable law, they are entitled to qualified immunity. *See, e.g., Young v. Goord*, 2005 WL 562756, *8-9 (E.D.N.Y. 2005) (Dismissing individual defendant on 12(b)(6) motion on grounds of qualified immunity); *Allah v. Juchenwioz*, 2004 WL 2389823 (S.D.N.Y. 2004) (granting 12(c) motion dismissing individual defendants based on qualified immunity).

## <u>CONCLUSION</u>

For the foregoing reasons, the Defendants' motion to dismiss the Complaint should be granted and the Complaint dismissed in its entirety.

Dated:   Syracuse, New York
         July 16, 2025

Respectfully submitted,

BOND SCHOENECK & KING, PLLC

By:  _____
         Kate I. Reid, Esq. (517408)
         Howard M. Miller (507891)
One Lincoln Center
Syracuse, NY 13202-1355
Telephone:  315.218.8000
Email:  kreid@bsk.com
            millerh@bsk.com

*Attorneys for Defendants*

TO:    Matthew J. Mann, Esq.
       Mann Law Firm, P.C.
       426 Troy Schenectady Road
       Latham, New York  12110
       Telephone:  (518) 785-3300
       Email:  mmann@mannlawpc.com

       *Attorneys for Plaintiff*

21753466.v5-7/16/25