**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

ADRIANNE RICKSON,

        Plaintiff,

    v.                                     1:25-cv-00667 (AMN/DJS)

ALBANY-SCHOHARIE-SCHENECTADY-
SARATOGA BOARD OF COOPERATIVE
EDUCATIONAL SERVICES *et al.*,

        Defendants.

---

| APPEARANCES: | OF COUNSEL: |
|---|---|
| **MANN LAW FIRM, PC** | **MATTHEW J. MANN, ESQ.** |
| 426 Troy-Schenectady Road | |
| Latham, New York 12110 | |
| *Attorneys for Plaintiff* | |
| | |
| **BOND, SCHOENECK & KING, PLLC** | **HOWARD M. MILLER, ESQ.** |
| 68 South Service Road – Suite 400 | |
| Melville, New York 11747 | |
| | |
| One Lincoln Center | **KATE I. REID, ESQ.** |
| Syracuse, New York 13202 | |
| *Attorneys for Defendants* | |

**Hon. Anne M. Nardacci, United States District Judge:**

**MEMORANDUM-DECISION AND ORDER**

**I.      INTRODUCTION**

On May 23, 2025, plaintiff Adrianne Rickson ("Plaintiff") commenced this action pursuant to 42 U.S.C. § 1983 ("Section 1983") and New York State law, against more than one hundred defendants (collectively, "Defendants"), asserting claims arising from the termination of her employment as a probationary teacher with the Albany-Schoharie-Schenectady-Saratoga Board of Cooperative Educational Services ("Defendant BOCES"). Dkt. No. 1 ("Complaint"). Presently

before the Court are Defendants' motion to dismiss the Complaint pursuant to Rule 12 of the Federal Rules of Civil Procedure ("Rule 12"), Dkt. No. 12 ("Motion"), and Plaintiff's cross-motion to amend, Dkt. No. 13 (the proposed "Amended Complaint"). *See also* Dkt. Nos. 21, 23. For the reasons set forth below, the Court reviews the allegations in the Amended Complaint for purposes of resolving the Motion, grants the Motion, and denies Plaintiff's cross-motion.

## II.    BACKGROUND

Unless otherwise noted, the following facts are drawn from the proposed Amended Complaint, its attachments, or materials it incorporates by reference, and are assumed to be true for purposes of ruling on the Motion, *see Div. 1181 Amalgamated Transit Union-N.Y. Emps. Pension Fund v. N.Y.C. Dep't of Educ.*, 9 F.4th 91, 94 (2d Cir. 2021) (*per curiam*), or are otherwise matters of public record, *see Williams v. N.Y.C. Hous. Auth.*, 816 F. App'x 532, 534 (2d Cir. 2020).

### A.  The Parties

Plaintiff resides in New York State and was employed as a teacher at Defendant BOCES. Dkt. No. 21-2 at ¶ 1.

Defendant BOCES, located in Albany County, is a public educational organization and public body organized under New York State law. *Id.* at ¶ 2.

Defendant Lauren Gemmill resides in New York State and served as the superintendent of Defendant BOCES. *Id.* at ¶ 3. Defendant Naomi Hoffman resides in New York State and served as the president of the board of Defendant BOCES. *Id.* at ¶ 4. Plaintiff alleges that one hundred additional Defendants reside in New York State and "were the board members, administrators, employees, agents and assigns of [Defendant BOCES]." *Id.* at ¶ 5.

### B.  Plaintiff's Employment

Plaintiff's employment with Defendant BOCES began on January 3, 2019. *Id.* at ¶ 12.

Plaintiff alleges that she was "properly classified" as a probationary teacher between January 3, 2019 and January 2, 2023. *Id.* at ¶ 13. On January 3, 2023, Plaintiff asserts, her four-year probationary term pursuant to N.Y. Educ. Law § 3014 ended and she "was granted tenure by estoppel." *Id.* at ¶¶ 13, 15. Plaintiff alleges that, as a result, she was a tenured teacher at the time of her termination. *Id.* at ¶ 16. Plaintiff contends that "[o]n or about February 29, 2024, Defendants summarily terminated Plaintiff's employment" without due process. *Id.* at ¶ 35.[1]

Plaintiff alleges that Defendants previously terminated her employment on two occasions. *Id.* at ¶ 18. Plaintiff contends that both times, the Commissioner of Education of the State of New York ("Commissioner") "determined that such terminations were improper" and that Plaintiff was restored to employment as a result. *Id.* at ¶ 19.

Defendants submit the administrative decisions from these prior proceedings, as well as related judicial opinions and a third administrative decision.[2] *See* Dkt. Nos. 12-2, 12-3, 12-4, 12-5, 12-6. According to the Appellate Division, Third Department, of the New York State Supreme Court:

> In January 2019, petitioner hired respondent Adrianne Rickson (hereinafter the teacher), on a probationary basis, as a criminal justice instructor. In November 2021, the teacher used her work email account to forward a message to other colleagues notifying them of an after-school rally concerning COVID–19 policies.

---

[1] Throughout both the Complaint and the proposed Amended Complaint, Plaintiff engages in impermissible group pleading, rarely if ever identifying which Defendant(s) out of the more than one hundred Defendants took any particular action. *See generally* Dkt. Nos. 1, 21-2.

[2] According to the parties, the Court can take judicial notice of these materials in order to resolve Defendants' Motion. *See, e.g.,* Dkt. No. 12-7 at 13; Dkt. No. 21 at ¶¶ 25, 36; *see also Giraldo v. Kessler*, 694 F.3d 161, 164 (2d Cir. 2012) ("We also take judicial notice of relevant matters of public record.") (citations omitted); *Casler v. W. Irondequoit Sch. Dist.*, 563 F. Supp. 3d 60, 66 (W.D.N.Y. 2021) ("Although Plaintiff omitted from his complaint that he appealed his suspension to the Commissioner, the Court may consider the Commissioner's decision in connection with ruling on Defendants' motion to dismiss because it is a matter of public record of which the Court may take judicial notice.") (citation omitted). Citations to docket entries utilize the pagination generated by CM/ECF, the Court's electronic filing system, and not the documents' internal pagination.

Consequently, the teacher received a memorandum counseling her for the improper use of petitioner's email system. In January 2022, the teacher offered her students an optional extra-credit assignment for viewing a podcast interview of a physician critical of COVID vaccinations and answering written questions related to the podcast. In February 2022, petitioner's superintendent notified the teacher that she intended to recommend to the Board of Education to discontinue her probationary employment. The Board of Education terminated the teacher's probationary appointment effective April 21, 2022. The teacher appealed to respondent Commissioner of Education, who determined that the superintendent's statement of reasons for discontinuance under Education Law § 3031 was too vague and remanded to petitioner to clarify and resubmit the statement of reasons for dismissal.

Thereafter, the superintendent articulated the grounds to discontinue the teacher's employment and she was terminated a second time in August 2022. Again, the teacher appealed. This time, the Commissioner reviewed the merits and determined that petitioner's probationary appointment was discontinued in bad faith and violated the teacher's right to academic freedom. As such, the Commissioner ordered that the teacher be reinstated with back pay and benefits. Petitioner thereafter commenced this CPLR article 78 proceeding against respondent New York State Education Department and the Commissioner challenging the determination as arbitrary, capricious and an error of law. Supreme Court denied petitioner's request to annul the Commissioner's determination and dismissed the petition. Petitioner appeals.

In the interim, the teacher was once again terminated from her position, for reasons unrelated to those at issue here. Respondents then moved to dismiss this appeal as moot, pointing to the fact that this latest termination was upheld by the Commissioner and the time to initiate a CPLR article 78 proceeding with respect to this has expired. Petitioner opposes this motion contending that the appeal is not moot and that, even if it is found to be so, the exception to the mootness doctrine applies.

. . . .

As the issues raised by the petition are moot and the circumstances do not warrant application of the exception to mootness doctrine, we dismiss petitioner's appeal[.]

*Albany-Schoharie-Schenectady-Saratoga Bd. of Educ. Servs. v. Rosa*, 222 N.Y.S.3d 822, 823-24

(App. Div. 2025) (citations omitted).

Plaintiff also administratively appealed Defendant BOCES' February 2024 decision "to (1) not grant petitioner tenure and (2) discontinue her probationary appointment." Dkt. No. 12-5 at 1.

4

Plaintiff argued "that she gained tenure by estoppel prior to her separation from employment, thus preventing her termination without a hearing" and that her termination "was unlawful because it violated her constitutional and statutory rights." *Id.* at 2. Defendant BOCES argued that it had properly denied Plaintiff tenure and terminated her employment for the reasons set forth in contemporaneous correspondence. *Id.* As the Commissioner noted in her May 20, 2024 decision:

> In a letter dated December 29, 2023 the DS [district superintendent] explained that petitioner had not met the standard for a recommendation of tenure, as exemplified by "basic ratings in [her] last observation." The DS also identified five examples of "poor professional judgment, including":
>
> - Creation and application of an unapproved grading policy;
> - Unprofessional communication with a parent;
> - Failing to comply with a supervisor's directive regarding parent communications; and
> - Using personally identifiably information of a student for personal reasons.
>
> On January 12, 2024, BOCES received complaints from a parent and a student concerning petitioner. BOCES thereafter placed petitioner on administrative leave and revoked its offer of [a one-year extension of her probationary appointment].
>
> On February 12, 2024, BOCES denied tenure to petitioner and terminated her probationary appointment, based on the DS's recommendation. These appeals ensued.

Dkt. No. 12-5 at 2 (second alteration in original) (footnote omitted). The Commissioner ultimately denied Plaintiff's appeals because Plaintiff had not demonstrated that (i) she received tenure by estoppel, or (ii) "that BOCES discontinued her probationary appointment for an impermissible reason." *Id.* at 3-4. More specifically, the Commissioner stated that:

> Petitioner has failed to prove that she acquired tenure by estoppel. . . . Petitioner's argument hinges upon whether her probationary term continued during the pendency of the *Rickson II* litigation in spring 2023. . . . [I]mplementation of this decision was complicated by the ensuing article 78 litigation during which petitioner was largely on administrative leave. As such, I find that BOCES did not knowingly accept petitioner's teaching services beyond her probationary period, as required for a finding of tenure by estoppel. . . .
>
> I further find that BOCES reasonably elected not to credit the time petitioner spent

on administrative leave toward her probationary term. . . . [T]he Appellate Division [has] reasoned that a teacher claiming tenure by estoppel could not receive credit for time in which he "rendered no actual service" to the district[.]

. . . .

Petitioner has also failed to demonstrate that respondent's discontinuance was motivated by continued dissatisfaction with the outcome of *Rickson II.* . . . This is corroborated by the fact that BOCES returned petitioner to a classroom assignment in September 2023 and, despite performance concerns, offered to extend her probation.    Thus, petitioner has failed to demonstrate that the DS or other administrators were motivated by anything other than the numerous complaints identified in the December 2023 letter[.]

*Id.* at 3-4 (citations and footnotes omitted).

### C. Plaintiff's Claims

The proposed Amended Complaint asserts four claims in connection with the termination of Plaintiff's employment: two under Section 1983, for violation of due process and retaliation, and two under New York State law.  Dkt. No. 21-2 at ¶¶ 29-68.  Plaintiff seeks various forms of relief as a result.  *Id.* at 14-15.

### III.    STANDARD OF REVIEW

### A. Motion to Dismiss

A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) tests the legal sufficiency of a party's claim for relief.  *Patane v. Clark*, 508 F.3d 106, 111-12 (2d Cir. 2007).  In considering legal sufficiency, a court must accept as true all well-pled facts in the complaint and draw all reasonable inferences in the pleader's favor.  *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007).  This presumption, however, does not extend to legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To survive a motion to dismiss, a party need only plead "a short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), with sufficient factual "heft to sho[w] that the pleader is entitled to

6

relief," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (alteration in original) (quotation omitted). Under this standard, a pleading's "[f]actual allegations must be enough to raise a right to relief above the speculative level," *id.* at 555 (citation omitted), and present claims that are "plausible on [their] face," *id.* at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.''" *Id.* (quoting *Twombly*, 550 U.S. at 557). Ultimately, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," *Twombly*, 550 U.S. at 558, or where a plaintiff has "not nudged [his or her] claims across the line from conceivable to plausible, [the] complaint must be dismissed," *id.* at 570.

### B. Leave to Amend

Rule 15(a) of the Federal Rules of Civil Procedure permits a party to amend its pleading once as a matter of course "no later than: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(A)-(B). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). When a cross-motion for leave to file an amended complaint is made in response to a motion to dismiss under Rule 12(b)(6), leave to amend will be denied as futile only if the proposed new claim cannot withstand a 12(b)(6) motion to dismiss for failure to state a claim, *i.e.*, if it appears beyond doubt that the plaintiff can plead no set of facts that would entitle him to relief. *See Ricciuti v. N.Y.C. Transit Auth.*, 941 F.2d 119, 123 (2d Cir. 1991). When assessing futility, the court employs a standard comparable to that

utilized in assessing a motion to dismiss under Rule 12(b)(6).  *See Milanese v. Rust-Oleum Corp.*, 244 F.3d 104, 110 (2d Cir. 2001) (observing that "leave to amend will be denied as futile only if the proposed new claim cannot withstand a 12(b)(6) motion to dismiss").

### IV.    DISCUSSION

Defendants argue that Plaintiff has failed to state a claim and that Plaintiff's request for leave to amend is futile.[3]  *See generally* Dkt. Nos. 12, 24.  Given the comparable standard for addressing these arguments, the Court proceeds to consider Defendants' pending Motion in light of the allegations in Plaintiff's proposed Amended Complaint.  *See, e.g., Pettaway v. Nat'l Recovery Sols.*, 955 F.3d 299, 303 (2d Cir. 2020) ("District courts in this Circuit have repeatedly explained that, when faced with an amended complaint, they may either deny a pending motion to dismiss as moot or consider the merits of the motion, analyzing the facts as alleged in the amended pleading. . . . This is a sound approach that promotes judicial economy by obviating the need for multiple rounds of briefing addressing complaints that are legally insufficient.") (citations omitted).

### A.  Procedural Due Process

Defendants first argue that Plaintiff has failed to state a due process claim.  Dkt. No. 12-7 at 13-15.  The Court agrees.

"A procedural due process claim is composed of two elements: (1) the existence of a property or liberty interest that was deprived and (2) deprivation of that interest without due process."  *Radwan v. Manuel*, 55 F.4th 101, 123 (2d Cir. 2022) (quoting *Bryant v. N.Y. State Educ. Dep't*, 692 F.3d 202, 218 (2d Cir. 2012)).

---

[3] The Court agrees with the parties that leave to amend is required.  *See, e.g.,* Dkt. No. 21 at ¶¶ 45-52; Dkt. No. 24 at 11-13.

Plaintiff has not alleged a valid property interest in continued employment as a probationary teacher. *See, e.g., Cummings v. City of New York*, No. 21-1380, 2022 WL 2166585, at *2 (2d Cir. June 16, 2022) (summary order) ("Here [plaintiff] did not allege a valid property interest.  She did not have a property interest in her probationary employment[.]") (citing *Finley v. Giacobbe*, 79 F.3d 1285, 1297 (2d Cir. 1996)) (affirming district court's dismissal of probationary teacher's procedural due process claims); *Catania v. United Fed'n of Tchrs.*, No. 21-cv-1257, 2025 WL 638625, at *9 (S.D.N.Y. Feb. 27, 2025) ("Under New York law, it is well settled that a probationary employee, unlike a permanent employee, has no property rights in his position and may be lawfully discharged without a hearing and without any stated specific reason.") (citation omitted) (dismissing probationary principal's procedural due process claim).

In addition, Plaintiff has not plausibly alleged that she was no longer a probationary teacher at the time of her termination.  Plaintiff claims she had obtained tenure by estoppel after four years of continuous employment, Dkt. No. 21 at ¶ 17, but does not offer well-pled factual allegations to support this legal conclusion. *See, e.g., DeNigris v. Smithtown Cent. Sch. Dist.*, 193 N.Y.S.3d 175, 180 (App. Div. 2023) ("Tenure by estoppel results when a school board accepts the continued services of a teacher or administrator, but fails to take the action required by law to either grant or deny tenure prior to the expiration of the teacher's probationary term.") (citation omitted).  Indeed, it is implausible that Defendants "continued to accept the services of" Plaintiff between January 2019 and January 2023, given Plaintiff's allegations that Defendants twice terminated her employment during this time.  Dkt. No. 21-2 at ¶¶ 13, 18-19.  Plaintiff's assertion that she obtained tenure by estoppel is thus a legal conclusion that is entitled to no weight.[4] *See, e.g., Iqbal*, 556

---

[4] In any event, Plaintiff agrees that the Court can take judicial notice of the Commissioner's decision, which states that Plaintiff had not obtained tenure by estoppel because, *inter alia*, her

U.S. at 678 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."). Because Plaintiff has not adequately alleged that she had obtained tenure by estoppel, she has not alleged a valid property interest. *See, e.g., Regan v. Vill. of Pelham*, No. 19-cv-7987, 2021 WL 1063320, at *7 (S.D.N.Y. Mar. 19, 2021) ("[N]umerous courts have held that a probationary school employee has no property interest in his position.") (citing *Kahn v. N.Y.C. Dep't of Educ.*, 18 N.Y.3d 457, 467 (2012)) (dismissing probationary administrator's procedural due process claims).

Even if Plaintiff had plausibly alleged a valid property interest, Defendants are also correct that she fails to sufficiently allege a deprivation without process. Dkt. No. 12-7 at 13-15. Plaintiff had the opportunity to raise claims regarding her tenure and termination to the Commissioner (which she did, unsuccessfully) and then to further raise those claims in an Article 78 proceeding. *See, e.g., Desir v. City of New York*, 453 F. App'x 30, 36 (2d Cir. 2011) ("[Plaintiff] claims that he had achieved tenure by virtue of his years of services as a probationary teacher and a substitute teacher. He was afforded an opportunity to present this claim in an Article 78 proceeding . . . . Accordingly, the district court properly dismissed Desir's procedural due process claim.") (citation omitted); *Camhi v. Glen Cove City Sch. Dist.*, 920 F. Supp. 2d 306, 312 (E.D.N.Y. 2013) ("In addition, the Plaintiff could have brought her grievances to the New York State Commissioner of Education, which would have also afforded her 'a full and fair opportunity for administrative review of her assertion of tenure rights.' . . . 'Accordingly, [the] [P]laintiff can assert no actionable claim for denial of due process under section 1983.'") (second and third alterations in original) (citations omitted); *see also Beechwood Restorative Care Ctr. v. Leeds*, 436 F.3d 147, 157 (2d Cir.

---

probationary term did not continue throughout the pendency of administrative and judicial proceedings related to her prior terminations. *See supra* Section II.B.

10

2006) ("An Article 78 proceeding is adequate for due process purposes even though the petitioner may not be able to recover the same relief that he could in a § 1983 suit.") (citation omitted).  In fact, Plaintiff acknowledges that "as a general rule,, [sic] 'the Second Circuit has found *New York's CPLR Article 78* review to be 'a perfectly adequate post-deprivation remedy' in the context of employment termination.'"   Dkt. No. 21 at ¶ 23 (quoting *Quattrone v. Erie 2 Chautauqua-Cattaraugus Bd. of Co-op Educ. Servs.*, No. 08-cv-367, 2011 WL 4899991, at *11 (W.D.N.Y. Oct. 13, 2011)).  As a result, Plaintiff has also failed to plausibly allege a deprivation without process.[5]

For each of these reasons, Plaintiff has failed to state a Section 1983 procedural due process claim.

## B.  First Amendment Retaliation

Defendants next argue that Plaintiff has failed to state a First Amendment retaliation claim under Section 1983.  Dkt. No. 12-7 at 17-25.  The Court again agrees.

"To state a First Amendment retaliation claim, a plaintiff 'must plausibly allege that (1) his or her speech or conduct was protected by the First Amendment; (2) the defendant took an adverse action against him or her; and (3) there was a causal connection between this adverse action and the protected speech.'" *Quinones v. City of Binghamton*, 997 F.3d 461, 466 (2d Cir. 2021) (quoting

---

[5] Defendants further argue that Plaintiff has not pled a stigma-plus claim.  Dkt. No. 12-7 at 15-17; *see generally Cummings*, 2022 WL 2166585, at *2.  By failing to argue otherwise, Plaintiff has abandoned any stigma-plus claim.  *Colbert v. Rio Tinto PLC*, 824 F. App'x 5, 11 (2d Cir. 2020) ("As a general matter, district courts frequently deem claims abandoned when counseled plaintiffs fail to provide arguments in opposition at the motion to dismiss stage.") (citation omitted). Regardless, neither the Complaint nor the Amended Complaint explicitly lists a stigma-plus claim among the causes of action, *see generally* Dkt. Nos. 1, 21-2, and Plaintiff's factual allegations are insufficient to state such a claim, *see, e.g., Waronker v. Hempstead Union Free Sch. Dist.*, 788 F. App'x 788, 794 (2d Cir. 2019) ("To prevail on such a claim, a plaintiff must plausibly allege '(1) the utterance of a statement sufficiently derogatory to injure his or her reputation, that is capable of being proved false, and that he or she claims is false, and (2) a material state-imposed burden or state-imposed alteration of the plaintiff's status or rights.'") (quoting *Sadallah v. City of Utica*, 383 F.3d 34, 38 (2d Cir. 2004)).

11

*Montero v. City of Yonkers*, 890 F.3d 386, 394 (2d Cir. 2018)).  "When asserting a First Amendment retaliation claim, public employees, like [plaintiff], face greater burdens than private citizens to demonstrate that their speech is protected by the First Amendment, because '[t]he government as employer . . . has far broader powers [to restrict speech] than does the government as sovereign.'"  *Long v. Byrne*, 146 F.4th 282, 291 (2d Cir. 2025) (second, third, and fourth alterations in original) (quoting *Garcetti v. Ceballos*, 547 U.S. 410, 418 (2006)).  "A public employee's speech is protected by the First Amendment when 'the employee spoke as a private citizen and . . . the speech at issue addressed a matter of public concern.'"  *Quinones*, 997 F.3d at 466 (alteration in original) (quoting *Montero*, 890 F.3d at 393).

Defendants argue that Plaintiff's First Amendment claim fails as a matter of law because she does not allege that she spoke as a private citizen.  Dkt. No. 12-7 at 19-23; *see also Montero*, 890 F.3d at 395 ("The Supreme Court [has] stated that 'when public employees make statements pursuant to their official duties,' . . . 'the employees are not speaking as citizens for First Amendment purposes, and the Constitution does not insulate their communications from employer discipline.'") (quoting *Garcetti*, 547 U.S. at 421).  Plaintiff does not dispute this.  *See generally* Dkt. No. 21.  Instead, Plaintiff argues that her speech was related to a matter of public concern. *See, e.g., id.* at ¶ 31 ("In sum and substance, Plaintiff spoke freely about her viewpoints on this government intrusion through mandating vaccination with staff and encouraged students to read multiple sources rather than simply accept government dogma.").

Regardless of whether Plaintiff has adequately pled public concern, however, her First Amendment claim still fails.  *See, e.g., Miceli v. Mehr*, 830 F. App'x 63, 65 (2d Cir. 2020) ("To determine whether or not a plaintiff's speech is protected, a court must begin by asking whether the employee spoke as a citizen on a matter of public concern.  If the court determines that the

plaintiff either did not speak as a citizen or did not speak on a matter of public concern, the employee has no First Amendment cause of action based on his or her employer's reaction to the speech.") (quoting *Sousa v. Roque*, 578 F.3d 164, 170 (2d Cir. 2009)). Plaintiff does not plausibly allege that she spoke as a private citizen to her colleagues and students.[6] *See, e.g.,* Dkt. No. 21-2 at ¶¶ 44-54; *see also Rosa*, 222 N.Y.S.3d at 823 ("In November 2021, the teacher used her work email account to forward a message to other colleagues notifying them of . . . [a] rally concerning COVID–19 policies. Consequently, the teacher received a memorandum counseling her for the improper use of petitioner's email system. In January 2022, the teacher offered her students an optional extra-credit assignment for viewing a podcast interview of a physician critical of COVID vaccinations and answering written questions related to the podcast."); *see also Lynch v. Ackley*, 811 F.3d 569, 578 (2d Cir. 2016) ("[T]he Supreme Court has identified three circumstances in which public employee speech is not protected from retaliation by State employers. First, speech about *personal* matters, as opposed to 'matters of public concern,' is not protected from retaliation. . . . Second, even speech on matters of public concern is not protected from retaliation unless the employee's First Amendment interests outweigh government employers' legitimate interests in efficient administration. . . . Third, speech made by employees 'pursuant to . . . official duties' rather than 'as a private citizen' is not protected from retaliation.") (final alteration in original) (citations and footnote omitted).

In any event, Plaintiff has also failed to sufficiently allege some causal connection between

---

[6] To the extent that the proposed Amended Complaint could be liberally construed to allege speech beyond what Plaintiff discusses in her opposition brief, any such allegations still suffer from the same deficiency. *See, e.g.,* Dkt. No. 12-5 at 2; *Jackler v. Byrne*, 658 F.3d 225, 237 (2d Cir. 2011) ("As a rule of thumb, activities required of the employee as part of his employment duties are not performed 'as a citizen' if they are not 'the kind of activity engaged in by citizens who do not work for the government.'") (quoting *Garcetti*, 547 U.S. at 423); *Montero*, 890 F.3d at 393.

13

her speech in 2021 and 2022 and her termination in February 2024.[7]  *See generally* Dkt. No. 21-2. And "only conclusory connections between the protected activity and the alleged adverse action" are "insufficient to plead a plausible First Amendment retaliation claim."[8]  *Applewhite v. N.Y.C. Dep't of Educ.*, No. 24-2131-cv, 2025 WL 783650, at *2 (2d Cir. Mar. 12, 2025) (summary order) (affirming district court's dismissal of teacher's First Amendment retaliation claim).

For all of these reasons, Plaintiff has failed to state a claim for First Amendment retaliation under Section 1983.

### C.  New York State law claims

The proposed Amended Complaint does not state a viable federal claim and fails to allege any other basis for original jurisdiction.  *See generally* Dkt. No. 21-2.  After considering the relevant factors, the Court declines to exercise supplemental jurisdiction over Plaintiff's claims under New York State law.  *Lundy v. Cath. Health Sys. of Long Island Inc.*, 711 F.3d 106, 117-18

---

[7] Given the other deficiencies with Plaintiff's allegations, the Court does not reach Defendants' argument that certain alleged conduct is also time-barred.  Dkt. No. 12-7 at 23.

[8] The materials that the parties agree the Court may consider do not warrant a different result.  *See, e.g.,* Dkt. No. 12-5 at 2 ("In a letter dated December 29, 2023 the DS [district superintendent] explained that petitioner had not met the standard for a recommendation of tenure, as exemplified by 'basic ratings in [her] last observation.'  The DS also identified five examples of 'poor professional judgment, including': [] Creation and application of an unapproved grading policy; [] Unprofessional communication with a parent; [] Failing to comply with a supervisor's directive regarding parent communications; and [] Using personally identifiably information of a student for personal reasons.  On January 12, 2024, BOCES received complaints from a parent and a student concerning petitioner.  BOCES thereafter placed petitioner on administrative leave and revoked its offer of [a one-year extension of her probationary employment].") (second alteration in original) (footnote omitted); *Rosa*, 222 N.Y.S.3d at 823 ("In [February 2024], the teacher was once again terminated from her position, for reasons unrelated to those at issue here."); *see also* Dkt. No. 12-5 at 4 ("Petitioner has also failed to demonstrate that respondent's discontinuance was motivated by continued dissatisfaction with the outcome of *Rickson II*. . . . This is corroborated by the fact that BOCES returned petitioner to a classroom assignment in September 2023 and, despite performance concerns, offered to extend her probation.  Thus, petitioner has failed to demonstrate that the DS or other administrators were motivated by anything other than the numerous complaints identified in the December 2023 letter[.]") (footnote and citations omitted).

(2d Cir. 2013); *see also Quattrone*, 2011 WL 4899991, at *15 ("Declining supplemental jurisdiction over remaining state law claims is particularly appropriate here, where the plaintiff had a full and fair opportunity to litigate the issue of her employment rights under New York State Education Law on administrative and Article 78 review[.]"); *Rosa*, 222 N.Y.S.3d at 823.

### D. Leave to Amend

As noted, Defendants oppose Plaintiff's request for leave to amend and argue that amendment would be futile. Dkt. No. 24 at 11-13; *see also Absolute Activist Value Master Fund Ltd. v. Ficeto*, 677 F.3d 60, 71 (2d Cir. 2012) ("[A] request to replead should be denied in the event that amendment would be futile.") (citation omitted). Plaintiff acknowledges that leave to amend is properly denied when "the amendment would be futile." Dkt. No. 21 at ¶ 45.

Certain of the flaws with Plaintiff's federal claims could, in theory, be cured with better pleading. For example, most of Plaintiff's factual allegations are conclusory and addressed to more than one hundred "Defendants." *See, e.g.,* Dkt. No. 21-2 at ¶ 35 ("On or about February 29, 2024, Defendants summarily terminated Plaintiff's employment . . . ."); *id.* at ¶ 52 ("Upon information and belief, Defendants terminated Plaintiff in retaliation for exercise of her First Amendment [rights] . . . , the contents of which were disagreeable to Defendants."). Such vague and impermissible group pleading fails to establish the personal involvement of "Defendants" in the constitutional violations Plaintiff seeks to allege. *See, e.g., Smith v. Doe #1*, No. 25-cv-0765, 2025 WL 3095868, at *6 (N.D.N.Y. Nov. 5, 2025) ("[T]o state a cognizable Section 1983 claim, a complaint must allege the personal involvement of each of the defendants."). This pleading also fails to satisfy the notice requirements of Rule 8 of the Federal Rules of Civil Procedure. *See, e.g., Calderon v. Annucci*, No. 9-20-cv-0645, 2020 WL 13801789, at *4 (N.D.N.Y. Sept. 8, 2020) ("Rule 8 of the Federal Rules of Civil Procedure mandates that a complaint include sufficient

allegations to provide 'each defendant fair notice of what the plaintiff's claim is and ground upon which it rests.'") (citations omitted).  "By lumping all the defendants together in each claim and providing no factual basis to distinguish their conduct, [plaintiff]'s complaint fail[s] to satisfy this minimum standard[.]"  *Athuahene v. City of Hartford*, 10 Fed. App'x 33, 34 (2d Cir. 2001).

Beyond these flaws, however, the federal claims in Plaintiff's proposed Amended Complaint suffer from a host of other pleading deficiencies.[9]  *See generally supra* Section IV.A-B; *see also, e.g., Perez-Dickson v. Bridgeport Bd. of Educ.*, 801 F. App'x 811, 813-14 (2d Cir. 2020) ("[Plaintiff] was required to plead more than a conclusory assertion that th[e] adverse actions were the result of retaliation in order to render a casual connection plausible. . . . [Plaintiff]'s proposed complaint was therefore insufficient to survive a motion to dismiss, warranting the denial of leave to amend.") (affirming district court's denial of principal's motion for leave to amend First Amendment retaliation claim as futile).  These deficiencies persist even after they were identified in Defendants' motion to dismiss.  *See, e.g.,* Dkt. No. 12-7 at 13-25; *Kane v. Mount Pleasant Cent. Sch. Dist.*, 80 F.4th 101, 107 (2d Cir. 2024) ("Proposed amendments are futile if they would fail to cure prior deficiencies or state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.") (quoting *IBEW Loc. Union No. 58 Pension Tr. Fund & Annuity Fund v. Royal Bank of Scotland Grp.*, 783 F.3d 383, 389 (2d Cir. 2015)).  As a result, the Court denies Plaintiff's request for leave to amend as futile.

## V.   CONCLUSION

Accordingly, the Court hereby

**ORDERS** that Defendants' motion dismiss, Dkt. No. 12, is **GRANTED**, as set forth in Section IV.A-C of this Memorandum-Decision and Order; and the Court further

---

[9] Plaintiff's cross-motion also fails to comply with the requirements of Local Rule 15.1(a).

**ORDERS** that the Complaint, Dkt. No. 1, is **DISMISSED**; and the Court further

**ORDERS** that Plaintiff's cross-motion to amend, Dkt. No. 21, is **DENIED**, as set forth in

Section IV.D of this Memorandum-Decision and Order; and the Court further

**ORDERS** that the Clerk serve a copy of this Memorandum-Decision and Order on the

parties in accordance with the Local Rules and close the case.

**IT IS SO ORDERED.**

Dated: March 4, 2026
    Albany, New York

Anne M. Nardacci
U.S. District Judge